IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maurice Wine, | ) Case No.: 4:24-cv-06374-JD-TER |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| SPO Andrew Douglas Kelley, Officer G. Bunch, | ) |
| Defendants. | ) |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, (DE 24) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report addresses Defendants SPO Andrew Douglas Kelley, Officer G. Bunch's ("Defendants") motion for summary judgment. (DE 19.)[1]

**A. Background**

Plaintiff commenced this action on November 7, 2024, asserting claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution. (DE 1.) Plaintiff contends that these claims arise from alleged sexual misconduct and the use of excessive force by Defendants during a traffic stop that occurred on July 31, 2023.

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

(DE 1 at 6.) Notably, the Complaint does not allege that the initial traffic stop or the subsequent search lacked probable cause or was otherwise constitutionally invalid. (DE 1.)

According to the Complaint, Plaintiff was a passenger in a vehicle stopped after officers detected the odor of marijuana emanating from it. (DE 1 at 6.) A search of Plaintiff's person revealed more than $3,000 in cash and two plastic baggies. (DE 1 at 7.) Plaintiff alleges that Defendant Bunch conducted a search of his groin area involving inappropriate touching inside his pants and the grabbing of his genitals. (DE 1.) Plaintiff further asserts that Officer Bunch performed a swipe of his buttocks, which caused Plaintiff to become "not receptive" to what he characterizes as a sexual assault, leading to his failure to comply with lawful directives. Plaintiff claims that he was then subjected to excessive force, resulting in a rotator cuff injury, and describes this encounter as an unconstitutional "strip search." (DE 1 at 7-8.)

The Charleston Police Department incident report confirms that the traffic stop took place on July 31, 2023. (DE 19-1.) According to Officer Bunch's narrative, the vehicle in which Plaintiff was a passenger was stopped for failing to maintain its lane. (*Id.*) Officers detected the odor of marijuana, prompting a search of both the driver and Plaintiff. (*Id.*) The search uncovered over $3,000 in cash and two clear plastic baggies on Plaintiff's person. (*Id.*) Officer Bunch documented that, during the groin-area search, Plaintiff appeared visibly nervous, was sweating profusely, and his legs were shaking uncontrollably. (*Id.*) Officer Bunch further reported feeling an object between Plaintiff's legs that was inconsistent with human anatomy and, based

2

on his training and experience, suspected it to be contraband. (*Id.*) When confronted, Plaintiff became non-compliant and was detained after a brief struggle, during which he shouted to the driver words to the effect of, "Debra you were supposed to look out for me! My life is over!" [2] (*Id.*)

On April 28, 2025, Defendants filed a motion for summary judgment supported by a memorandum and exhibits. (DE 19.) Because Plaintiff is proceeding *pro se*, the Court issued an order on or about April 30, 2025, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and the potential consequences of failing to respond. (DE 20.) Despite this notice, Plaintiff did not file any response to Defendants' motion.

## B. Report and Recommendation

On June 11, 2025, the Magistrate Judge issued a Report recommending that Plaintiff's claims be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and that Defendants' motion for summary judgment be rendered moot. (DE 24.) The Report explained that under Rule 41(b), a court may dismiss an action for failure to prosecute or to comply with court orders. *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). It further noted that, in determining whether dismissal is warranted under Rule 41(b), the court must

---

[2]   A subsequent search of the vehicle revealed crack pipes, a digital scale, approximately 200 unused baggies, cocaine base, and marijuana. (DE 19-1.) Plaintiff was arrested for possession of cocaine base and marijuana and transported to the Sheriff Al Cannon Detention Center, where a strip search by Charleston County Sheriff's Deputies resulted in three plastic baggies falling from Plaintiff's clothing, which field-tested positive for marijuana, cocaine base and cocaine. (*Id.*)

3

consider four factors: (1) the degree of Plaintiff's responsibility in failing to act; (2) the amount of prejudice to Defendants; (3) Plaintiff's history of proceeding in a dilatory manner; and (4) the availability of less drastic sanctions. *Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978).

Applying these factors, the Magistrate Judge found that Plaintiff, who is proceeding *pro se*, failed to respond to Defendants' motion for summary judgment and failed to comply with the Court's order directing him to respond, conduct attributable solely to his own neglect. The Report concluded that Plaintiff has effectively abandoned this action and that no less drastic sanctions are available. (DE 24.) No objections to the Report have been filed, and the time for filing objections has now expired.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Having conducted a thorough review of the Report and the record, and finding no clear error, the Court adopts the Report (DE 24) and incorporates it herein by reference.

Accordingly, it is **ORDERED** that Plaintiff's claims are dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure. As a result, Defendants' motion for summary judgment is **DENIED** as moot.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 15, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.